### MILES & BRADT *v.* CITY OF ATLANTA.

The petition set forth no cause of action, and was properly dismissed on demurrer.

Submitted July 16, — Decided August 12, 1904.

Complaint.   Before Judge Reid.   City court of Atlanta. October 17, 1903.

*Frazer & Hynds,* for plaintiff, cited *Ga.* R. 73/688; 78/480; 109/295; Dillon on Mun. Corp. §§ 450, n. 1; 452, 459, 463 ; Story on Agency, 154, 260, 276–7; 102 U. S. 294; 114 U. S. 190.

. *J. L. Mayson* and *W. P. Hill,* for defendant, cited *Ga. R.* 109/296; 113/501.

COBB, J.   This was an action by Miles & Bradt against the City of Atlanta, upon a contract made in the name of the trustees of the Carnegie Library of Atlanta and signed by the president and the secretary of that body.   It does not appear whether these trustees constituted a corporation, or a partnership, or a volun-

tary association.   The contract is not signed by the mayor or any
other officer of the City of Atlanta.   It is recited in the first para-
graph of the contract that the trustees were "acting for the City
of Atlanta, Ga.'   It appears from the allegations, that Mr. An-
drew Carnegie had made a donation of $100,000 for the purpose
of building a public library in the City of Atlanta, and that this
donation was conditioned upon the City of Atlanta appropriating
annually a given amount for the maintenance of such library ; and
it is alleged that the city undertook to make this appropriation.
The amount donated by Mr. Carnegie was paid into the hands of
the trustees, some of whom were selected by the mayor and coun-
cil of Atlanta, and others by a library association which had
donated its library and equipment to the Carnegie Library upon
certain conditions, one of which was that it should have the right
to select a specified number of the trustees.   The trustees made a
contract with Miles & Bradt for the erection of the library build-
ing.   A copy of the contract is attached to the petition.   It is.
clear, from the allegations of the petition, that the building was
to be erected and paid for out of the donation of Mr. Carnegie,
which was in the hands of the trustees for disbursement.   There
is nothing to indicate that the City of Atlanta ever assumed or
intended to assume any liabilty for the cost of the building, not-
withstanding the same was to be erected upon a lot owned by it.
Under such circumstances we can not see upon what principle of
law or equity the City of Atlanta is to be held liable for the fail-
ure of the trustees to properly disburse the amount which was
placed in their hands for the purpose of erecting the building.
Some of the trustees are elected by the city council, and others by
the library association, and the body thus organized is in some
respects an anomalous one; but neither the trustees as a whole
nor those elected by the city council were in any sense the au-
thorized agents of the City of Atlanta to contract on its behalf ;
and there is nothing to indicate that they intended to bind the
city to pay any amount under the contract which they entered
into.   The expression, "acting for the City of Atlanta, Ga.," ap-
pearing in the first part of the contract, was probably inserted
more for the purpose of relieving the trustees from individual
liability than for the purpose of charging the City of Atlanta.
But it is said that the city accepted the building and is using the

same. We do not think this fact would render the city liable on account of the construction of the building, as neither the council nor any duly authorized officer or agent of the city undertook to be responsible in any way for the disbursement of the funds received from Mr. Carnegie. The petition set forth no cause of action against the City of Atlanta, and was properly dismissed on demurrer. *Judgment affirmed. All the Justices concur.*

